Huey HIGGINS, Petitioner,

v.

STATE OF TENNESSEE, et al., Respondents.

Civ. A. No. 3:87–0174.

United States District Court, M.D. Tennessee, Nashville Division.

March 19, 1987.

On Motion to Dismiss May 15, 1987.

On Motion for Enlargement of Time May 23, 1987.

Huey Higgins, pro se.

Jerry Smith and Albert Partee, Asst. Attys. Gen., Nashville, Tenn., for respondents.

MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by designation and assignment.

The petitioner Mr. Huey Higgins applied *pro se* for the federal writ of habeas cor-

pus. He claims that he is in the custody of the respondent-warden pursuant to the judgment of conviction of January 29, 1982 of the Criminal Court of Tennessee for its 15th Judicial District (encompassing Wilson County), in violation of the Constitution, Fourteenth Amendment, § 1, Due Process of Law Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). It is claimed further that the petitioner has exhausted his available state-remedies, by having presented fairly the same claims he presents herein to the Court of Criminal Appeals of Tennessee and to its Supreme Court.

Mr. Higgins contends that his trial Court erred in refusing to grant a continuance after the Tennessee Department of Human Services had failed to comply with the Court's order, directing it to supply undeleted copies of all interviews such department had conducted in connection with the case against him; also that such Department concealed from him knowingly and deliberately evidence favorable to his defense; that such Department coerced his daughter into testifying against him. Mr. Higgins also challenges the sufficiency of the evidence under which he was convicted under Count 2 of the indictment returned against him.

The "[d]eliberate hiding of favorable evidence [to the accused] requires habeas relief." *Lockett v. Blackburn,* 571 F.2d 309, 313, [10] (5th Cir.1978), *cert. den.,* 439 U.S. 873, 99 S.Ct. 207, 58 L.Ed.2d 186 (1978). Additionally, "an essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979).

Therefore, it not appearing plainly on preliminary consideration from the face of the applicant's petition that he is not now entitled to relief in this Court, Rule 4, Rules—§ 2254 Cases, it hereby is

ORDERED that the respondent-warden file an answer herein in conformity with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that the clerk of this Court serve a copy of the petition herein and of this order by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. (The noticed slow movement of the mail constitutes good cause for the additional time granted.)

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider first the exhaustion-matter and will allow the respondent additional time thereafter in which to file a supplemental answer, addressing the merits of the petition, if necessary.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

### ON MOTION TO DISMISS

The respondent answered, *see* order herein of March 19, 1987, and moved this Court to dismiss the petition herein on the ground that Mr. Higgins has failed to exhaust his available state-remedies. Such motion has merit.

Prior to filing his instant application herein, Mr. Higgins filed with this Court a previous petition for the federal writ of habeas corpus. Such petition presented the identical claims as are urged herein and was dismissed for the failure to exhaust available state-remedies. In its memorandum opinion of July 8, 1985, dismissing that petition, this Court stated that:

The petitioner claims a violation of his federal right to due process of law by the coercion of his step-daughter, who was the principal witness against him in his conviction of having committed the crime of incest upon her body, in that an investigating social worker advised such relative that she and her associates

would not permit her to return home until petitioner was convicted and sent to the penitentiary even though she asked to [return home]; that they coached and led her as to what to say [as a witness] and urged her to refuse

·to talk with counsel for the defense and did make statements in reports which were untrue and inaccurate.

This claim was, not only not presented fairly to the courts of Tennessee, it was not presented to such tribunals at all, including by the petitioner's motion for a new trial.

This issue may be presented to those courts by petitioner for relief under the Post-Conviction Procedure Act of Tennessee, T.C.A. §§ 40–30–101, *et seq.* It may prove to be the case that under T.C.A. § 40–30–112, post-conviction relief may be denied the petitioner on the ground of his waiver of such claim for purposes of consideration on appeal; in that event, the petitioner may be in position then to apply to a federal court for relief by showing sufficient "cause" for failing to preserve the issue for appeal and "actual prejudice" from the constitutional violation asserted. *Wainwright v. Sykes,* 443 [433] U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977).

*Huey Higgins,* petitioner, *v. State of Tennessee, et al.,* respondents, civil action no. 3:85–0665, pp. 2–3.

Mr. Higgins, subsequent to the rendering of the above-quoted opinion, attempted to exhaust the pertinent issue by applying for post-conviction relief to the courts of Tennessee; such relief was denied without an evidentiary hearing on the ground that Mr. Higgins had waived the right to present such issue when he committed the procedural default of failing to present it on direct appeal. "[A]ny prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–1573 [10], 71 L.Ed.2d 783 (1982).

Mr. Higgins does not allege a "cause" for his procedural default or that he has suffered "prejudice" therefrom. This Court, therefore, is precluded from considering his claims presented herein. Accordingly, the motion of the respondent for a dismissal of the petition hereby is

GRANTED, and the instant application of the petitioner hereby is DENIED.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R. Civ.P., he is authorized to proceed on such appeal *in forma pauperis.* Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue because of the petitioner's failure to have exhausted his available state-remedies or meet the foregoing "cause and prejudice" test.

### MEMORANDUM

### ON MOTION FOR ENLARGEMENT OF TIME

The petitioner Mr. Higgins was denied all relief herein. *See* judgment of May 15, 1987 herein. Therefore, this Court has no jurisdiction remaining to consider his motion of May 19, 1987 for an enlargement of time.